JOHN PANDULA, Plaintiff in Error, v. PINKEY FONSECA, Defendant in Error.

199 So. 358
Division B
Opinion Filed December 20, 1940
Rehearing Denied January 14, 1941

396

*Hendricks & Hendricks,* for Plaintiff in Error;

*Carr & Carr,* for Defendant in Error.

PER CURIAM.—The defendant, who is plaintiff in error herein, took this writ of error to a final judgment rendered by the Circuit Court in Dade County awarding damages on a charge of wilfully and maliciously assaulting and beating the plaintiff, who is defendant in error herein.

The plaintiff below charged that the defendant committed the assault and battery February 12, 1939, with the result that her left leg was broken in three places, her left ankle dislocated, and multiple cuts and bruises were sustained in and about her face and body. In addition, she alleged that by reason of the injuries inflicted by defendant, she was compelled to go to a hospital for eleven days, that she was thereafter removed to her home and confined to bed for

eight weeks, that she suffered mental and physical pain during this time, and that the injuries were permanent to some extent. She sought $7,500 damages.

The defendant entered the plea of "not guilty," and offered an alibi as his defense upon trial.

The plaintiff's first witness was the physician who had treated her at the hospital on the night of the alleged assault, and who also attended her for some time thereafter. Her testimony consisted primarily in a description of the plaintiff's injuries and their effects. It was also brought out that his attendance in court had not been in response to a subpoena.

The cross-examiner elicited the fact that the witness was receiving a "certain retainer" from the plaintiff for testifying. The line of questioning continued along this course until the court refused to permit the question as to the amount of compensation the witness was receiving. The defendant now insists the court's ruling was error.

This Court has held that it is error to exclude questions touching interest, motives, animus, or the status of witnesses in a suit. *Bryan v. State,* 41 Fla. 643, 26 So. 1022; *Sylvester v. State,* 46 Fla. 166, 35 So. 142. But the question as to the extent to which cross examination would be permitted to show bias or interest was not considered in either case.

Because in the nature of the case no definite rule can be laid down as to what circumstances may be inquired about to show a witness' bias, the matter rests largely in the discretion of the trial court, and its rulings will not be disturbed in the absence of a showing of a clear abuse of discretion. See *Vassar v. Chicago, B. & Q. R. Co.,* 121 Neb. 140, 236 N. W. 189, 74 A. L. R. 1154 and note; 3 Jones (4th Ed., 1938), Sec. 829; 11 R. C. L. 646; 28

R. C. L. 612. In a general way, it can be said that it is competent to show as a fact, by cross examination, that a witness is hostile to the party against whom he testifies, and the jury can consider this hostility in estimating his testimony; but an inquiry into the conduct and acts of parties producing the hostility raises another and collateral issue, which should not, as a general rule, be permitted to be gone into by the trial judge; otherwise there would be no limit to the investigation of any cause. *Eldridge v. State,* 27 Fla. 162, 9 So. 448.

The cross-examiner was permitted to bring out the fact that money had come to the witness, from which the jury might have inferred that it would likely have a biasing effect upon his testimony. It was the existence of this feeling that was material, and was shown, and we think the court's ruling was not prejudicial to the defendant and that no abuse of discretion has been shown.

The defendant next assigns as error the rejection of certain proffered testimony which tended to show the plaintiff to be of bad moral character. The trial court did permit questions and evidence tending to impeach and discredit the plaintiff's reputation for truth and veracity, and instructed the jury that if they believed the plaintiff had been discredited and not entitled to belief, then they should find for the defendant. They were further charged that "the moral character of the plaintiff" was not in issue and that "any testimony submitted on the witness stand regarding the reputation of the plaintiff for truth and veracity merely goes to the matter of her credibility" to be considered with the rest of the evidence.

The court's limitation of the cross examination to matter pertaining to plaintiff's reputation for truth and veracity and the exclusion from the jury's consideration of any evidence as to her moral character was not error. For "that

power to determine the limits of cross examination which is injurious to the character of the witness is vested in the trial court to the extent that the court's ruling is not ground for reversal unless the appellant establishes an abuse of discretion which has occasioned prejudice." 3 Jones (4th Ed., 1938), Sec. 834; see also 2 Wigmore (2nd Ed., 1923), Sec. 923. This Court stated the rule in *Nelson v. State,* 99 Fla. 1032, 128 So. 1, to be that "when the character of a witness is gone into, the only proper object of injury is as to his reputation for truth and veracity, as neither his general character nor particular phases of character can be gone into. Mercer v. State, 40 Fla. 216, 24 So. 154, 74 Am. St. Rep. 135." An examination of the proffer discloses it to be collateral to the issues of the case and not called for by the circumstances therein; therefore no abuse of discretion has been shown.

Furthermore, the court's charge in regard to the testimony introduced to discredit the plaintiff for truth and veracity was in accord with the view heretofore expressed in *Becker v. Blum,* 142 Fla. 60, 194 So. 275, and it was not error to refuse the instruction thereon requested by the defendant.

In the defendant's attempt to bolster his alibi, he put several witnesses on the stand to establish a good reputation for truth and veracity and as a law-abiding citizen. On this evidence he requested the court to charge that the jury could consider that evidence in determining their verdict. This request was properly refused, for the general rule is that evidence of good character or reputation is not relevant in the first instance in a civil action or where the reputation of the party has not first been attacked by evidence of bad character. See *Lester v. Gay,* 217 Ala. 585, 117 So. 211, 59 A. L. R. 1561; notes, 33 A. L. R. 1220; 1 Jones (4th

Ed., 1938), Sec. 158; 2 Wigmore (2nd Ed., 1923), Sec. 1104.

The court was further requested to instruct the jury that if they should find the evidence evenly balanced then the plaintiff could not recover. This was refused, but the jury were charged that they were the sole judges of the weight of the testimony, that in order to recover the plaintiff must prove her case by a "preponderance of the evidence" and that phrase was defined. Considering the charge in its entirety on this phase, we think it fairly and correctly stated the law, and therefore it was not error to refuse the instruction which was requested as stated. *United States Fire Ins. Co. v. Dickerson*, 82 Fla. 442, 90 So. 613.

The jury were charged that if they found from a preponderance of the evidence that the defendant did wilfully and maliciously commit the assault and battery, then they could award the plaintiff punitive damages "in addition to actual damages." The court then defined actual damages to include, "if the same should be proven," hospital care, pain and suffering, loss of earnings and other losses sustained as a proximate result of the act alleged. We note that the charge included special damages within the definition of actual damages, but this worked no prejudice to the defendant.

It is the defendant's contention, however, that the instruction was erroneous in that no evidence was adduced to show loss of earnings, and therefore the charge in effect told the jury this item of damages was supported by the evidence, citing *Miami Jockey Club v. Akin, et al.,* 120 Fla. 544, 163 So. 51. This contention is unsound, for the court made it clear in the case at bar that these were the several items for which damages could be awarded "if the same should be proven," whereas in the case relied upon by

defendant the charge in effect said these elements had been proven.

It is lastly asserted that the verdict for $3,500 was excessive. The evidence discloses the plaintiff suffered a triple fracture of one leg, a dislocated ankle which is permanently injured to some extent, physical pain and suffering, and multiple contusions and lacerations. In addition, she was in the hospital eleven days, confined to her home for·eight weeks, and forced to use crutches for some time. There were also facts and circumstances alleged and proven upon which punitive damages could have been awarded in the jury's discretion. See *Winn & Lovett Gro. Co. v. Archer,* 126 Fla. 308, 171 So. 214. Taking all these factors into consideration, we will not disturb the verdict.

We have carefully examined the entire record and assignments of error and find not harmful error therein.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, and CHAPMAN, J. J., concur.

Justices BUFORD, THOMAS and ADAMS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.