129 So.2d 693 (1961)
H.I. HOLDING COMPANY, a Florida corporation, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 60-589.
District Court of Appeal of Florida. Third District.
May 4, 1961.
Rehearing Denied June 2, 1961.
*694 Edward J. McBride, Coral Gables, Paul A. Louis and Bertha L. Freidus, Miami, for appellant.
Darrey A. Davis, County Atty., and Thomas C. Britton, Asst. County Atty., Miami, for appellee.
SMITH, D.R., Associate Judge.
This appeal is from a final judgment entered in an eminent domain proceeding.
As a basis for error in the lower court, the appellant, defendant below, relies primarily upon the following:
1. The sustaining of an objection by attorney for petitioner to a question by attorney for defendant directed upon cross-examination to one of the petitioner's expert witnesses, which question made inquiry regarding the amount the witness was receiving from petitioner for his services.
2. Certain statements made in argument before jury by attorney for petitioner.
3. Denial of defendant's request for an instruction by the court that the jury was not to consider as compensation any of the benefits from the proposed improvement as an offset to any of the defendant's resulting damages.
It is within the reasonable discretion of the court to determine to what length it will go in permitting cross-examination of a witness for the purpose of showing interest, bias or prejudice of the witness. Pandula *695 v. Fonseca, 145 Fla. 395, 199 So. 358. It was admitted that the witness was employed and being paid by the petitioner. More important than the amount of pay would have been the manner or method of pay or whether or not the witness was a full time employee. No inquiry along this line was conducted by defendant. The trial judge is vested with considerable discretion in regulating and controlling the manner of examination of witnesses, and his exercise of that discretion will not be disturbed unless it has been abused or substantial harm has been done to the complaining party. 58 Am.Jur., Witnesses, Sec. 555. In this case there appears to have been no abuse of discretion by the court nor does any substantial harm appear to have resulted. As for the second basis for error, it should first be noted that no objection was made to the particular statements complained about at the time the statements were made. At the conclusion of petitioner's argument the attorney for the defendant moved for a mistrial because of the statements and then, after the court had instructed the jury, again moved for a mistrial for the same reason. Both motions were denied.
It is felt that some of counsel's statements went beyond the realm of proper argument. This alone, however, does not justify the granting of a motion for mistrial nor does it furnish grounds for reversal and a new trial. It is the duty of opposing counsel to object at the time of the abuse of the privilege of argument. Jenkins et al. v. State, 35 Fla. 737, 18 So. 182; Gaines v. State, 97 Fla. 908, 122 So. 525. Also, numerous other Florida case law supports this position. This gives the court an opportunity to rule upon the objection and to instruct the jury at the same time, so as to remove any effect of the statement.
In any event, improper statements in arguments before a jury will not be considered grounds for mistrial, reversal or new trial unless they are highly prejudicial and inflammatory. Apalachicola Northern Railroad Company v. Tyus, Fla. App. 1959, 114 So.2d 33; Rogers et al. v. State, 158 Fla. 582, 30 So.2d 625. It cannot be said that the remarks of counsel in this case were of such a nature and certainly any effect such remarks might have had upon the jury could have been cured by timely objection and an appropriate instruction to the jury. The lower court was not in error for denying defendant's motion for a new trial upon this ground.
As for the third basis for assignment of error, there appears to be no foundation for the same. The instruction requested had already been fully covered by the court's instructions. A requested instruction, even though it states the law correctly, is properly refused where it is fully covered by other instructions given. 32 Fla.Jur., Trial, § 151. Also see numerous case law cited under footnote (6) thereof.
The judgment should be and is affirmed.
HORTON, C.J., and CARROLL, CHAS., J., concur.