175 So.2d 57 (1965)
Joseph C. ALVAREZ, Appellant,
v.
Mary Helton MAUNEY and Harold V. Mauney, her husband, Appellees.
No. 5069.
District Court of Appeal of Florida. Second District.
May 14, 1965.
*58 O'Connell & Cooper, West Palm Beach, for appellant.
Farish & Farish, West Palm Beach, for appellees.
SILVERTOOTH, LYNN N., Associate Judge.
Appellant seeks review of a final judgment for Appellees entered on a jury verdict in a negligence action arising out of an automobile collision. Summary judgment was entered in favor of the Appellees, Plaintiffs below, on the issue of liability, and the case was tried solely on the issue of damages.
Appellant's first point on appeal asserts that the trial court committed error in denying his motion for a mistrial after counsel for Appellees' remarks concerning insurance during the voir dire examination of the jury.
The Supreme Court of Florida, in the case of Lambert v. Higgins, Fla. 1953, 63 So.2d 631, stated:
"There is a very delicate balance to be maintained in cases of this kind to protect both the interest of the plaintiff and defendant. Ordinarily the trial Judge is in the best position to do this and, unless there is a clear abuse of his authority shown, we are not inclined to interfere with the result of the trial on this ground."
We fail to find any abuse of discretion.
It also appears from the record that there was no objection or motion for mistrial during the voir dire examination by counsel for Appellant. It is our conclusion, and we so hold, that the objection, if any, to the questions concerning insurance asked during the voir dire examination, was waived by failure to object or move for a mistrial until after the jury was accepted.
The second point raised by Appellant as error was the trial court's refusal to allow cross-examination of Appellees' chief medical witness regarding his financial and professional association with Appellees' attorneys in past and present cases and his being under censure by the County Medical Association.
In H.I. Holding Company v. Dade County, Fla.App. 1961, 129 So.2d 693, it was stated as follows:
"It is within the reasonable discretion of the court to determine to what length it will go in permitting cross-examination of a witness for the purpose of showing interest, bias or prejudice of the witness. * * *"
The matter of cross-examining a witness to show bias rests largely in the trial court's discretion, and its rulings will not be disturbed absent a clear showing of abuse of this discretion. Pandula v. Fonseca, 1940, 145 Fla. 395, 199 So. 358. We find that the trial court did not abuse its discretion and no substantial harm resulted from its ruling on this point.
Appellant's third point asserts that the trial judge erred in sustaining Appellees' objection to the testimony of Appellant's son because his name did not appear on the pre-trial list of witnesses. It is admitted that the pre-trial order required all witnesses to be named prior to trial.
*59 Appellant had the burden of demonstrating that a modification of the pre-trial order was proper. There is no such showing in the record, therefore error has not been demonstrated.
Appellant argues in his final point that as a direct result of the prejudicial conduct of Appellees' counsel, the trial court's refusal to grant a motion for mistrial, and its limitation of the cross-examination of Appellees' medical witness the verdict rendered by the jury was so excessive as to shock the conscience of the court.
The amount of damages awarded by the jury to the Appellee Mary Helton Mauney was $14,500.00, and the amount awarded Appellee Harold D. Mauney was $6,566.00. The evidence reflects that as a result of the accident Mrs. Mauney suffered serious injuries and that Mr. Mauney also incurred substantial damages. In view of the record, the award of damages was not excessive.
Affirmed.
SMITH, C.J., and ALLEN, J., concur.