PER CURIAM.
Appellant, Freda K. Lipsius, appeals a jury verdict and judgment entered thereon in an action sounding in products liability rendered in favor of appellee, Bristol-Myers Company. Salient points posed by appellant are: That the trial court erred (1) in refusing to allow plaintiff to cross-examine defendant’s expert witnesses as to the amount they were to receive as compensation for their testimony, (2) in taxing the expert witness fees as costs, and (3) in refusing to charge the jury on strict liability.
The well established rule is that the trial court, in its discretion, can preclude *397 cross-examination of an expert witness as to the amount he has received or expects to receive for testifying, and this discretion shall not be disturbed on appeal unless clear abuse is shown. The Supreme Court of Florida in considering this question in Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (1941), stated:
“The cross-examiner elicited the fact that the witness was receiving a ‘certain retainer’ from the plaintiff for testifying. The line of questioning continued along this course until the court refused to permit the question as to the amount of compensation the witness was receiving. The defendant now insists the court’s ruling thereon was error.
* ‡ :Jc ‡
“Because in the nature of the case, no definite rule can be laid down as to what circumstances may be inquired about to show a witness’ bias, the matter rests largely in the discretion of the trial court, and its rulings will not be disturbed in the absence of a showing of a clear abuse of the discretion. [Citing numero’us cases.]”
Our sister court in considering the same question in H. I. Holding Company v. Dade County, 129 So.2d 693 (3 Fla.App.1961), stated:
“ . . . The trial judge is vested with considerable discretion in regulating and controlling the manner of examination of witnesses, and his exercise of that discretion will not be disturbed unless it has been abused or substantial harm has been done to the complaining party. 58 Am. Jur., Witnesses, Sec. 555.”
It is our conclusion that appellant has failed to show a clear abuse of discretion on the part of the trial judge in not allowing cross-examination as to the amount appellee agreed to pay its expert witnesses. The same conclusion is reached with reference to the amount of expert witness fees taxed against appellant. As to the final salient point concerning the doctrine of strict liability, this jurisdiction has rejected such doctrine in McLeod v. W. S. Merrell Co., Div. of Richardson-Merrell, 174 So.2d 736 (Fla.1965). We have carefully reviewed the record and the other points posed by appellant and conclude that this case was fairly tried and the judgment rendered should be and is hereby
Affirmed.
SPECTOR, C. J., and WIGGINTON and RAWLS, JJ„ concur.