Kristina R. SERKSNAS, as Administratrix of the Estate of Sigitas C. Serksnas, Deceased,

v.

ENGINE SUPPORT, INCORPORATED, a Delaware Corporation, and John Doe Insurance Company.

Judy SHAW, as Administratrix of the Estate of Elmer L. Brewer, Deceased,

v.

ENGINE SUPPORT, INCORPORATED, a Delaware Corporation, and John Doe Insurance Company.

Nos. 74–1218–Civ–CA, 74–1227–Civ–CA.

United States District Court, S. D. Florida.

Feb. 25, 1975.

Cardwell & Cardwell, Hartford, Conn., and Brumer, Moss, Cohen & Rodgers, Miami, Fla., for plaintiff Serksnas.

F. Timothy McNamara, Hartford, Conn., and Brumer, Moss, Cohen & Rodgers, Miami, Fla., for plaintiff Shaw.

H. James Catlin, Jr., of Paige & Catlin, Miami, Fla., for defendant Engine Support.

ORDER DENYING MOTION TO DISMISS COUNT III OF THE SECOND AMENDED COMPLAINT

ATKINS, District Judge.

This cause comes before the Court on defendant's motion to dismiss Count III of plaintiff's complaint on the ground that the doctrine of strict liability in tort has not been adopted in Florida. Although Count III is entitled strict liability in tort, it is clear that plaintiff has alleged a claim for Florida's breach of implied warranty, a tort which closely resembles the doctrine of strict liability. *See* Tampa Electric Co. v. Stone & Webster Engineering Corp., 367 F.Supp. 27, 38 (M.D.Fla.1973) citing Barfield v. United States Rubber Co., 234 So.2d 374 (2 D.C.A.Fla.1970); Royal v. Black & Decker Manufacturing Co., 205 So.2d 307 (3 D.C.A.Fla.1968).

The Florida Supreme Court originated this theory of action against manufacturers in Green v. American Tobacco Company, 154 So.2d 169 (Fla. 1963). Plaintiff in a suit for breach of implied warranty must show that "a defect existed in the product before it left the manufacturer, that this defect caused the injury, that he was a person who was reasonably intended to use the product, and that the product was being used in the intended manner." Vandercook & Son, Inc. v. Thorpe, 395 F.2d 104, 105 (5th Cir. 1968). When defining "defect" the Third District Court of Appeal reasoned "the primary concern is to protect the user from the unreasonably dangerous product or from one fraught with *unexpected* dangers." Royal v. Black & Decker Mfg. Co., 205 So.2d 307, 309 (3rd D.C.A.Fla.1968). *See also* E. R. Squibb & Sons, Inc. v. Stickney, 274 So.2d 898 (1 D.C.A.Fla.1973).

Florida's breach of implied warranty action does not apply to the retailer. McLeod v. W. S. Merrell Co., Div. of Richardson—Merrell, 174 So.2d 736 (Fla.1965). At one time, the First District Court of Appeal of Florida misinterpreted the *McLeod* Court's refusal to extend this doctrine to include retailers as well as manufacturers; the lower court believed the entire theory of breach of implied warranty had been rejected. Lipsius v. Bristol Myers Co., 265 So.2d 396, 397 (1 D.C.A.Fla.1972). Recently, however, the First District Court of Appeal has corrected its interpretation, E. R. Squibb & Sons Inc. v. Stickney, *supra,* and agrees with the other District Courts of Appeal. *See, e. g.,* Barfield v. United States Rubber Co., *supra;* Royal v. Black & Decker Manufacturing Co., *supra.*

Accordingly, defendant's motion to dismiss is denied. The Court *sua sponte* orders plaintiff to file within five days a more definite statement as to Count III utilizing the guidelines of *Vandercook* and *Royal.* Defendant shall file its answer to Count III within ten days from entry of this order.