342 So.2d 1070 (1977)
Herbert WELCH, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-773.
District Court of Appeal of Florida, Third District.
March 1, 1977.
*1071 Bennett H. Brummer, Public Defender, and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and HAVERFIELD, JJ.
PER CURIAM.
Herbert Welch appeals his conviction for breaking and entering with intent to commit petit larceny and petit larceny, and argues that the trial court unduly restricted defense counsel's right of cross-examination of the State's sole witness in violation of the Sixth Amendment to the Constitution of the United States.
At trial the sole prosecution witness, Linda Stanley, testified that on the evening of the incident she awakened at 11:00 P.M. and observed the defendant, Herbert Welch, walking out of her house with her television set. On cross-examination she testified that Welch had been in her house on many prior occasions. Defense counsel then sought to impeach Linda by asking whether her husband had told her that he was "gonna get" Herbert. Linda responded in the negative. At this point defense counsel sought to question Linda about a rule to show cause which had been issued against her and whether her court appearance was voluntary. The prosecution objected to these questions and the objections were sustained. At a side bar conference, defense counsel proffered to the trial court that the rule to show cause was issued against Linda because she did not want to testify in court as her husband had put her up to testifying the way she did on direct examination. However, no evidence to support this theory was proffered and the trial court refused to allow this line of questioning. Thus, Welch contends his right to cross-examination was unduly restricted.
The extent to which cross-examination should be permitted to show a witness' bias, interest, motives or animus rests largely within the sound discretion of the trial judge and his rulings will not be disturbed in the absence of a showing of a clear abuse of that discretion. Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (1940); Matera v. State, 218 So.2d 180 (Fla.3d DCA 1969); Maycock v. State, 284 So.2d 411 (Fla.3d DCA 1973).
Linda had already been questioned by defense counsel as to whether her husband had told her he was going to seek revenge against the defendant and she denied he told her this. Further, defense counsel admitted to the judge he had no evidence to support his theory that Linda's husband had put her up to testifying as she did on direct examination. Defense counsel failed to establish that continued cross-examination with respect to the rule to show *1072 cause would bring out new facts to discredit Linda; therefore, the restriction of such testimony which, in effect, would only be redundant, did not constitute an abuse of discretion. See Slaughter v. State, 301 So.2d 762 at 767 (Fla. 1974).
Affirmed.