360 So.2d 39 (1978)
Valentin HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 77-2169, 77-2564.
District Court of Appeal of Florida, Third District.
June 13, 1978.
Rehearing Denied July 14, 1978.
Nathaniel L. Barone, Jr., Miami, for appellant.
Robert L. Shevin, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PER CURIAM.
The defendant, Valentin Hernandez, was tried by the court without a jury and found guilty of aggravated assault with a deadly weapon upon one Luciano Nieves, in violation of Section 784.04, Florida Statutes (1973). He has brought these appeals from the judgment entered thereon. The second appeal was apparently filed, out of an abundance of caution, after the sentence had been entered. A single point is presented, which urges that the defendant was denied due process and the right to confront his accuser because he was limited in his cross-examination of the complaining witness.
The State has accepted as substantially true and correct the defendant's statement of the facts, which are that he was convicted of the aggravated assault of Luciano Nieves, who appeared at trial as the complaining witness. The substance of Nieves's testimony was that he went to a restaurant for lunch, that the defendant allegedly entered shortly thereafter, and for some time watched him in a strange manner and, without motive, then struck him over the head with a chair, pulling a gun and telling him that he would kill him, and thereupon fleeing. Nieves allegedly never saw or heard of the defendant before, nor could he testify to any reason that the assault was made upon him.
Defense counsel states in his brief on appeal that he was endeavoring to show that there was abundant reason for the complaining witness to fabricate charges because of an intense animosity between him (the complaining witness) and the defendant, arising out of the fact that defendant was a zealous anti-Castro activist in the Cuban community and the complaining witness was vociferously pro-Castro.
*40 The trial court sustained the prosecution's objections to such questions, as follows:
"Q. When you entered the restaurant, you did not observe the man who assaulted you; is that correct?
"A. When I came in?
"Q. Yes.
"A. No. Right after I was in the restaurant there was a friend of mine there and I went to say hello to him.
"Q. Do you know any reason why this man, or anyone, would assault you in the restaurant?
"MR. AUERBACH: Excuse me. I object to that question. That is totally improper.
"THE COURT: Sustained.
"Q. (By Mr. Barone) Do you know why the man who you say was Mr. Hernandez would assault you?
"MR. AUERBACH: I object to that. That is totally improper, what the other man was thinking.
"THE COURT: Sustained.
"Q. (By Mr. Barone) Did the man who assaulted you say why he was attacking you?
"MR. AUERBACH: Yes or no.
"THE WITNESS: No.
* * * * * *
"Q. Are you engaged in any political activities?
"MR. AUERBACH: Excuse me. Judge, counsel knows that is totally irrelevant to an aggravated assault charge.
"THE COURT: Sustained.
"Q. (By Mr. Barone) Isn't it a fact, Mr. Nieves, that you have a very bad reputation in the Cuban community for your pro-Castro ...
"MR. AUERBACH: Judge, I would object to that.
"THE COURT: Sustained.
"MR. AUERBACH: If counsel wants to get into anything without politics  I would ask that counsel be admonished not to pursue that line.
"Q. (By Mr. Barone) You stated that you did not recognize the caliber or the type of weapon; is that correct?
"A. I said, and I am repeating it, that in that moment that I was attacked, I wasn't aware of it, and by the analysis that I made after the aggression, this man was there for at least one hour looking for me, or watching for me, in order to strike me treacherously in a very cowardly way, and with premeditation.
"How could I be looking for any type of weapon? All I wanted to see was just to look at the face of the crazy man that I had facing me.
"MR. BARONE: Your Honor, I would move to strike all the extemporaneous comments.
"THE COURT: Granted.
"Q. (By Mr. Barone) Mr. Nieves, you are very familiar with weapons, are you not?
"A. No.
"MR. AUERBACH: I would object.
"Please instruct the witness that if I am making an objection, not to respond until his Honor rules upon the objection.
"THE WITNESS: I'm sorry, I do not speak English.
"Q. (By Mr. Barone) Well, you were in the Cuban army, were you not, sir?
"MR. AUERBACH: Objection, your Honor; totally irrelevant.
"THE COURT: Sustained, unless you can show there is some relevance.

"MR. BARONE: Your Honor, he says he doesn't know what type of weapon he was assaulted with, and I am attempting to show the man's background.
"THE COURT: Sustain the objection. You can't impeach him like that." [Emphasis added]
Appellant relies for reversal upon Simmons v. Wainwright, 271 So. 464 (Fla. 1st DCA 1973); Kirkland v. State, 185 So.2d 5 (Fla. 2d DCA 1966); and United States v. Kartman, 417 F.2d 893 (9th Cir.1969), and cases from other state jurisdictions holding that cross-examination of a witness to determine bias or prejudice may pertain to irrelevant or immaterial matters as bearing on memory, accuracy, credibility, interest or sincerity of the witness.
*41 Bias on the part of a prosecution witness is a valid point of inquiry in cross-examination, but the prospect of bias does not open the door to every question that might possibly develop the subject. In the early case of Wallace v. State, 41 Fla. 547, 26 So. 713, 722 (1899), the Supreme Court of Florida laid down the rule that inquiry into collateral matters should not be permitted, unless there is reason to believe it may tend to promote the ends of justice and it seems essential to the true estimation of the witness's testimony by the jury. Cf. United States v. Fowler, 151 U.S.App.D.C. 79, 81-82, 465 F.2d 664, 666-667 (1972), and cases cited therein.
In the present case, the question to which objections were sustained were improper unless they came within the exception discussed. Counsel for the defendant made no tender nor did he advise the court of the relevancy of questions to a showing of bias. We hold that no abuse of discretion appears on this record, nor can it be said that the rulings of the court amounted to a denial of due process. Cf. Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (1940); and Welch v. State, 342 So.2d 1070 (Fla. 3d DCA 1977).
Affirmed.