404 So.2d 167 (1981)
Carl E. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. WW-131.
District Court of Appeal of Florida, First District.
September 29, 1981.
*168 Michael E. Allen, Public Defender, Margaret Good and Melanie H. Alford, Asst. Public Defenders, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a conviction and sentence for the offense of attempted burglary (after trial on a charge of burglary), alleging that the trial court erred by unduly limiting cross-examination of a state witness, and by refusing to instruct the jury on the minimum and maximum penalties for the offense charged. Appellant also questions inconsistencies between the oral sentencing pronouncement, the written sentence, and the order of commitment. We conclude that appellant demonstrated error requiring reversal and remand for a new trial.
Appellant was discovered within the residence of the state's key witness, who testified that he confronted appellant and ordered him from the house, and that in departing appellant dropped an item belonging to another resident of the house. Appellant denied taking any item which was in the house and testified that he entered the residence while merely attempting to ascertain the location of a garage sale which he believed was being held in the neighborhood.
At trial appellant's counsel attempted to cross-examine the state's key witness (a white male) as to whether he had any bias or prejudice against black persons generally, or against appellant (a black male) individually. The trial court overruled the state's objection to questions regarding individual bias against appellant, but appellant's counsel thereupon voluntarily withdrew the question and made no further attempt to establish a personal bias. However, the court sustained the state's objection as to any questions regarding generalized bias or racial prejudice, and further prohibited that line of questioning when appellant's counsel thereafter attempted to pursue the issue. Appellant alleges that his defense was hampered by such restriction of cross-examination, in contravention of his constitutional[1] right to confront an adverse witness. The state cites Hernandez v. State, 360 So.2d 39 (Fla. 3d DCA 1978) for the proposition that the trial judge has discretion to restrict cross-examination and that appellant has not demonstrated any abuse of discretion since the prohibited questions were not probative of any bias against appellant individually.
*169 The Florida Evidence Code expressly provides that a witness's credibility may be attacked by a showing of bias, § 90.608(1)(b), Florida Statutes, although both the Code and case law permit judicial discretion in controlling the mode, order, and scope of cross-examination. § 90.612; Hernandez, supra. But such judicial discretion is constrained by a defendant's right to confront adverse witnesses. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980). While § 90.403, Florida Statutes, provides that relevant evidence may be inadmissible when it creates a danger of unfair prejudice, confusion of the issues, misleading the jury, or results in a needless presentation of cumulative evidence, the statute expressly provides that such evidence is inadmissible only when its probative value is "substantially outweighed" by the countervailing statutory considerations.[2]
Applying the foregoing principles to the present case, we find no basis for the trial court's limitation of cross-examination as to whether the state witness possessed a generalized prejudice against black persons. While the court's determination to limit cross-examination should not be disturbed absent an abuse of discretion, see Hernandez, supra, we conclude that the present case involves such an abuse of discretion. In balancing considerations of unfair prejudice with the probative value of questions regarding a witness's racial bias, such questions have elsewhere been found proper and not unfairly prejudicial. See e.g., Jacek v. Bacote, 135 Conn. 702, 68 A.2d 144 (1949); see generally, Chipman v. Mercer, 628 F.2d 528 (9th Cir.1980); United States v. Kartman, 417 F.2d 893 (9th Cir.1969). The record in the present case contains no evidence indicating any unfair prejudice in this instance, nor any indication that the attempted questioning on racial bias would confuse the issues, mislead the jury, or result in a needless presentation of cumulative evidence. In reversing on this issue we note that appellant's counsel expressly advised the trial court of his reason for this line of questioning.
With respect to appellant's argument that the trial court erred by refusing to instruct the jury as to the minimum and maximum penalties, as required by Rule 3.390(a), Fla.R.Crim.P., this issue was adequately preserved for appeal by objection to the court's refusal to give the requested instructions, and Tascano v. State, 393 So.2d 540 (Fla. 1980), reh. denied (1981), establishes that such refusal is reversible error. When the error is properly preserved the court has refused to find it harmless, and the prospective language of the ruling apparently excludes from its benefit only appeals concluded before its effective date. Murray v. State, 403 So.2d 417 (Fla. 1981); Knight v. State, et al., 401 So.2d 1333 (Fla. 1981); Williams v. State, 399 So.2d 999 (Fla. 3d DCA 1981).
The present case also involves a sentencing inconsistency between the trial judge's oral pronouncement, the written sentencing order, and the order of commitment. While such inconsistencies usually require remand for clarification/correction, see Badger v. State, 398 So.2d 984 (Fla. 1st DCA 1981), this issue is mooted in the present case by our reversal and remand for a new trial on other grounds.
Because we conclude that the trial court erred in limiting cross-examination and refusing to instruct the jury as to the minimum and maximum penalties applicable, we reverse the judgment and sentence appealed and remand the case for a new trial.
SHAW, J., concurs.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge, dissents with opinion.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge, dissenting:
Neither of the reasons cited in the majority opinion justify reversal, much less require it.
*170 First, the matter of the trial court's limitation on cross examination of the State's witness: Given the correctness of the legal principles and concepts set forth in the majority opinion, they were not violated here. The question propounded on cross examination of the State's witness, to which the court sustained objection, was: "Do you have occasion to socialize or have any dealings with Blacks?" This question was not productive of any answer which would have shown any bias or prejudice on the part of the witness against the defendant. The court neither erred nor abused its discretion, but were it otherwise, such would be harmless at most in view of the other evidence which fully corroborated the witness's testimony. In all events, I surely would not think that this one evidentiary ruling on a question, the answer to which, if allowed, would have been unproductive of any probative value, can be said to be such an abuse of discretion as to justify reversing the judgment and granting a new trial.
Second, the matter of the trial court's error in refusing to instruct the jury as to the minimum and maximum penalties, as required by Rule 3.390(a), Fla. R. Crim. P.: The error was harmless in view of (1) the overwhelming evidence of defendant's guilt, and (2) the fact that the jury convicted defendant of the lesser included offense of attempted burglary. While Tascano v. State, 393 So.2d 540 (Fla. 1980) does indeed, as cited in the majority opinion, hold that the failure to instruct as to the minimum and maximum penalties is reversible error, the Tascano Court expressly stated that its holding was to be applied prospectively only, applicable to all cases (1) in which a jury trial is commenced on or after the effective date[1] of the Tascano opinion, and (2) the point is properly preserved for appeal. While the defendant in this case properly preserved the point for appeal, his trial commenced May 28, 1980. Since appellant is not entitled to the benefit of the Tascano holding, and since the error is otherwise harmless, I would not reverse the judgment on this ground either.
Although I would affirm the judgment, I would remand to the trial court for clarification and correction of the sentencing inconsistency noted in the majority opinion.
NOTES
[1] "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const. Amend. § VI.

"In all criminal prosecutions the accused ... shall have the right ... to confront at trial adverse witnesses... ." Fla. Const., Art. I, § 16.
[2] This approach is in agreement with the Federal Rules of Evidence and federal case law. See Federal Rule 403 and United States v. Diecidue, 603 F.2d 535 (5th Cir.1979).
[1] June 5, 1980.