410 So.2d 179 (1982)
Charles LANGSTON, Appellant,
v.
James KING, Etc., Dura-Stilt Corporation, and Consolidated Aluminum Corporation, Appellees.
No. 80-1938.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Rehearing Denied March 11, 1982.
*180 Joel Daves of Burdick & Daves, West Palm Beach, for appellant.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellees James King, d/b/a Pro Building Supply and Dura-Stilt Corp.
Michael J. Ferrin and Don Beverly of Beverly & Freeman, West Palm Beach, for appellee Consolidated Aluminum Corp.
ANSTEAD, Judge.
This is an appeal by appellant, the plaintiff below, from an adverse judgment and jury verdict suffered in a products liability case brought against the appellees.
Most of the alleged errors complained of on appeal involve the admission of expert testimony, and in our view all of the alleged errors involve discretionary calls by the trial court. We have reviewed each of appellant's claims and have concluded that no reversible error has been demonstrated. However, although we conclude that the error was harmless under the circumstances of this case, we also hold it was error for the trial court to refuse to allow the appellees' expert to be questioned about any agreement for compensation he had with appellee.
The Florida Supreme Court has stated that the trial court has broad discretion in permitting a witness to be questioned about his interest in the case, and, on facts similar to those present herein, has held that the trial court did not abuse its discretion. Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (Fla. 1940). Also see H.I. Holding Co. v. Dade County, 129 So.2d 693 (Fla. 3d DCA), cert. denied, 133 So.2d 646 (Fla. 1961); Lipsius v. Bristol-Myers Co., 265 So.2d 396 (Fla. 1st DCA 1972). We, of course, are bound to follow the Supreme Court's ruling, and have done so here. However, while we agree that the trial court has broad discretion in determining the extent to which a witness may be examined about any interest or bias, we believe that as a minimum the parties should have the right to elicit the existence and terms of any agreement for compensation to be paid to an expert witness.
The day has long since passed when, as was apparently the case in Pandula v. Fonseca, the only expert appearing in court is the treating physician of the plaintiff. Much of the modern day litigation involves a "battle of experts." Under these circumstances we believe the trier of fact, who ultimately must make some assessment of the credibility of such witnesses, is entitled to know the extent of any financial arrangements made to secure their participation in the case.
In accordance with the above, the judgment of the trial court is affirmed.
LETTS, C.J., and HERSEY, J., concur.