**UNITED STATES of America ex rel. Gerald SCARPELLI, Petitioner-Appellee,**

v.

**Richard GEORGE, Respondent-Appellant.**

**No. 81–2806.**

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1982.

Decided Aug. 26, 1982.

Rehearing and Rehearing En Banc Denied Sept. 20, 1982.

Certiorari Denied Jan. 24, 1983.

See 103 S.Ct. 817.

Sam Adam, Chicago, Ill., for petitioner-appellee.

Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondent-appellant.

Before BAUER, WOOD, and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

This appeal raises the issue of whether the state trial court's failure to permit a defendant to cross-examine a crucial witness concerning his trustworthiness and reliability is, as a matter of law, harmful error. The district court held that it was. We reverse.

Petitioner-appellee Gerald Scarpelli was convicted of auto theft and possession of burglary tools in the Circuit Court of Du-Page County, Illinois. He appealed, claiming, among other errors, that he was denied a fair trial because the trial judge had unduly restricted his cross-examination of the state's chief witness, Officer Culen. The trial court sustained objections to questions relating to Culen's credibility, his trial preparation, and his identification of Scarpelli. The state appellate court found no error with respect to the restrictions concerning Culen's credibility or trial preparation and held that the restriction relating to Culen's identification of Scarpelli, while improper, was harmless error. The Illinois Supreme Court and the United States Supreme Court, in turn, denied certiorari.

Scarpelli then petitioned the district court for a writ of habeas corpus. The district court granted his petition. It agreed with the state appellate court that restricting Scarpelli's cross-examination of Culen was improper. The district court, however, held that the harmless error rule did not apply and that the trial court's failure to permit Scarpelli to cross-examine Culen concerning the reliability of Culen's identification testimony denied Scarpelli his sixth amendment right to confront the witnesses against him. The government filed a motion to alter or amend this judgment; the motion was denied.

I

■ The parties agree that the trial judge may limit the scope of cross-examination provided that the limitations do not prevent the defendant from effectively confronting the witnesses against him. *Chipman v. Mercer*, 628 F.2d 528, 531 (9th Cir. 1980). They disagree as to whether the trial court's restriction of Scarpelli's cross-examination of Culen was so extensive that it abridged Scarpelli's sixth amendment right to confront the witnesses against him. They also disagree as to what remedy is appropriate if, in fact, the trial court erred.

■■ Constitutional error is not always harmful error. Only those errors which affect the defendant's substantial rights require reversal. Errors that have little, if any, effect on the defendant's conviction do not. *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). In determining whether a constitutional error is harmless, "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.* at 24, 87 S.Ct. at 828. Thus, we must decide whether restriction of the cross-examination of a crucial witness can ever, as a matter of law, be harmless beyond a reasonable doubt.

The district court held that any restriction on the cross-examination of a crucial witness is automatically harmful error in situations where (1) the witness' testimony is absolutely crucial to the defendant's conviction; and (2) the imposed restrictions rendered the defendant's cross-examination of that witness totally ineffective. *United*

*States ex rel. Scarpelli v. George*, No. 81 C 864, slip op. at 7–8 (N.D.Ill. Oct. 30, 1981). Applying this harmful error per se rule to Scarpelli's case, the district court concluded that both factors were present because Culen was indisputably the prosecution's principal witness and Scarpelli's proffered questions relating to Culen's trial preparation and prior inconsistent statements were so relevant that failing to permit this line of inquiry effectively prevented any cross-examination relating to Culen's trustworthiness and reliability.

In adopting this per se error rule, the district court principally relied on *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Smith v. State of Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); and *Chipman v. Mercer*, 628 F.2d 528 (9th Cir. 1980). Neither *Davis* nor *Smith* support an automatic reversal rule, and to the extent that *Chipman* does, we decline to adopt its rationale.

In *Davis* the petitioner challenged his state court conviction on the ground that the trial court violated his right to confront the witness against him by prohibiting him from questioning the prosecution's key witness about the witness' prior juvenile record and his probation status. The Supreme Court held that the petitioner had been denied a fair trial because the trial court's ruling prevented him from adequately exposing the jury to facts from which it might infer that the witness was unreliable. It further held that the restriction violated Davis' sixth amendment right of confrontation by preventing him from probing into any bias or prejudice which might have caused the witness to fabricate his identification testimony. The *Davis* Court, however, did not discuss the per se error rule or use language suggesting that this rule is the appropriate standard of review. *Davis* merely held that it is reversible error to restrict cross-examination when that restriction prevents the defendant from attempting to discredit the witness' accuracy and truthfulness. *Davis v. Alaska*, 415 U.S. 308, 317–18, 94 S.Ct. 1105, 1110–11, 39 L.Ed.2d 347 (1974).

Similarly, the *Smith* Court did not adopt a per se error rule. In *Smith* the trial court refused to permit the petitioner to ask the principal prosecution witness his name or address. The Court held that this restriction was unconstitutional because the very starting point in probing a witness' credibility "must necessarily be to ask the witness who he is and where he lives" and that "to forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right to cross-examination itself." 390 U.S. at 131, 88 S.Ct. at 749. This holding was based on the Court's conclusion that the defendant was prejudiced; the Court did not apply a per se error rule.

The Ninth Circuit in *Chipman v. Mercer*, 628 F.2d 528 (9th Cir. 1980), specifically stated that any infringment of a defendant's right of confrontation is harmful error per se. *Id.* at 533. Despite this explicit statement, the language of the decision suggests that the court was actually applying the *Chapman* harmless error doctrine, for it stated that "the denial of cross-examination for bias or prejudice *in this case* violated the confrontation clause." *Id.* (emphasis added). Moreover, the *Chipman* court relied on other Ninth Circuit decisions applying the harmless error beyond a reasonable doubt standard, which it did not overrule. This suggests that, while the decision speaks in terms of harmful error per se, the court, in fact, applied a less stringent standard.

We are mindful that cross-examination is the cornerstone of the criminal trial process, *United States v. Leach*, 613 F.2d 1295 (5th Cir. 1980), and that the defendant must be given wide latitude to explore a witness' story, to test the witness' perceptions and memory and to impeach his credibility. *United States v. Williams*, 592 F.2d 1277 (5th Cir. 1979). We also recognize that the right to cross-examine an adverse witness is not absolute and that the trial judge has considerable discretion to place restrictions on the scope of cross-examination once the right to confront witnesses has been substantially exercised. *United States v. West*, 670 F.2d 675 (7th

Cir. 1982). *Accord, United States v. Miranda-Uriarte,* 649 F.2d 1345 (9th Cir. 1981); *United States v. Winley,* 638 F.2d 560 (2d Cir. 1981), *cert. denied,* 455 U.S. 959, 102 S.Ct. 1472, 71 L.Ed.2d 678 (1982); *Greene v. Wainwright,* 634 F.2d 272 (5th Cir. 1981). Adoption of a per se rule would eliminate the trial judge's discretion, making it impossible to expedite the litigation or prevent the introduction of collateral issues which might distract the jury. The per se error rule would give defense counsel unrestricted license during cross-examination to ask endless, repetitive or irrelevant questions which might confuse the jury as well as unproductively prolong the litigation. Ultimately the criminal process would be hindered. Accordingly, we decline to embrace the per se error rule even in the narrow context suggested by the district court.

## II

The next consideration is whether Scarpelli was denied a fair trial because his questioning of Culen was restricted. Relying on *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), Scarpelli contends that we must accept the state appellate court's finding that Scarpelli was denied his right of confrontation. Assuming *arguendo* that we may determine *de novo* whether his right was violated, Scarpelli argues that the record establishes that the trial court improperly restricted his cross-examination of Culen and that the court's error was not harmless error beyond a reasonable doubt. None of these arguments are persuasive.

██ Scarpelli's reliance on *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), to support his argument that we must accept the state appellate court's finding that Scarpelli was denied the right to confront the witnesses against him is misplaced. In *Mata,* the issue was whether the federal habeas court could overrule a factual determination made by a state court. The Supreme Court held that while state factual findings were entitled to a "presumption of correctness," these findings could be overturned when they were not fairly supported by the record and the habeas court explicitly stated the reasoning by which it concluded that the state findings were erroneous. 449 U.S. at 550, 101 S.Ct. at 770. The state court's finding that Scarpelli's sixth amendment right was violated is a mixed question of law and fact, and, consequently, *Mata* does not preclude us from determining *de novo* whether Scarpelli was denied his constitutional rights.

The trial court sustained objections to Scarpelli's questions to Culen concerning (1) inconsistencies between Culen's trial testimony, and his initial police report, preliminary hearing testimony and suppression hearing testimony; (2) whether Culen used police reports or had conversations with the State's Attorney in preparation for his trial appearance; and (3) Culen's recollection of the height of the alleged offender whom he subsequently identified as Scarpelli.

Both the state appellate court and the district court agreed that the questions concerning the nature and credibility of Culen's identification of Scarpelli was a legitimate area for cross-examination. They also agreed that the trial court unduly restricted Scarpelli from attempting to impeach Culen's identification testimony by introducing Culen's prior inconsistent statements relating to the height of the alleged offender. Culen testified at trial that Scarpelli was 5' 9". Defense counsel then attempted to introduce Culen's previous statement that the offender was between 5' 6" and 5' 10" tall. The state appellate court concluded that because the alleged inconsistent statements dealt with a slight discrepancy in Culen's testimony, the error in restricting questions on this subject "could not possibly be of such magnitude as to require reversal." *People v. Scarpelli,* 82 Ill.App.3d 689, 697, 37 Ill.Dec. 913, 920, 402 N.E.2d 915, 922 (2d Dist. 1980), *cert. denied,* 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981). In contrast, the district court considered the restrictions concerning questions about Culen's identification testimony of Scarpelli in conjunction with the restrictions concerning prior inconsistent statements and the ex-

tent to which Culen had prepared for his trial appearance. Applying the per se error rule, it concluded that "the totality of these rulings ... effectively denied petitioner his constitutional right to confront an adverse witness." *United States ex rel. Gerald Scarpelli v. Richard George*, No. 81 C 864, slip op. at 3 (N.D.Ill. Sept. 30, 1981).

■ We agree with the state appellate court that the discrepancy between the two statements was slight. Moreover, there was other sufficient evidence supporting Scarpelli's conviction. The record establishes that Culen was the investigating officer surveilling a parking lot where several automobile thefts had occurred. The parking lot was well lit with vapor lights. Culen saw a car with two men drive into the lot and cruise up and down the lanes, passing several empty parking places. The car stopped a few spaces away from a 1975 Chevrolet Monte Carlo and one of the men emerged carrying a small black bag close to his body. He walked to the Monte Carlo, got inside, and started the car. As he began to back the Monte Carlo out of the space, Culen drove up behind the Monte Carlo, blocking its path, and got out of his car. When Culen was about fifteen feet from the Monte Carlo, he identified himself as a police officer and ordered the driver to freeze. Instead, the driver rushed out of the car and began to run away. Culen pursued him until he was apprehended. The man apprehended was Scarpelli. Culen also identified Scarpelli in court as the person who was in the Monte Carlo. Under these circumstances, where Scarpelli was apprehended at the scene of the crime rather than some time later on the basis of Culen's description, we agree with the state appellate court that "no reasonable doubt exists that the restriction of the defendant's cross-examination ... [of Culen] ... could have influenced the jury's determination of guilt." *People v. Scarpelli*, 82 Ill.App.3d 689, 697, 37 Ill.Dec. 913, 921, 402 N.E.2d 915, 923 (2d Dist. 1980), *cert. denied*, 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981). Accordingly, any error in not permitting unlimited cross-examination of Culen was harmless beyond a reasonable doubt.

Scarpelli raises a myriad of other errors relating to Culen's cross-examination. Appellee's br. at 6. One of his chief complaints is that the trial court repeatedly refused to allow him to attempt to impeach Culen with other prior inconsistent statements. The state appellate court concluded that "with reference to the alleged prior inconsistent statements, the judge's rulings were correct, since either no inconsistency was shown or the question dealt with an immaterial matter." *Id.* at 696, 37 Ill.Dec. at 920, 402 N.E.2d at 922. We agree. Scarpelli's other claims that the district court improperly restricted his cross-examination of Culen are equally unavailing.

We have carefully reviewed all of Scarpelli's arguments and conclude that the only error was the trial court's failure to permit Scarpelli to cross-examine Culen concerning his identification testimony. In light of the other evidence against Scarpelli, the error was harmless beyond a reasonable doubt. Accordingly, the district court order granting the writ of habeas corpus is

REVERSED.