ANTHONY TONY RANSEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13352

May 10, 1984                                    680 P.2d 596

*Gary E. Gowen,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

---

## OPINION

*Per Curiam:*

Appellant was convicted of several felony offenses arising from his armed abduction of Donald and Mary Boone. He was sentenced to two life terms for first degree kidnapping, enhanced by two consecutive life terms for his use of a deadly weapon. Ransey, who is black, now contends that the district court denied him his sixth amendment right of confrontation by precluding any cross-examination of Mrs. Boone, who is white, on the subject of racial bias. We agree, but find the error harmless under the facts of this case.

Following their escape from appellant's custody, the Boones gave statements to the police. In her statement, Mrs. Boone twice referred to appellant as a "nigger." Defense counsel

attempted to present Mrs. Boone's use of this term to the jury, as suggestive of racial bias; he also attempted to cross-examine Mrs. Boone to determine whether she harbored any bias against the black race or its members. The district court excluded mention of Mrs. Boone's use of the term "nigger" and precluded the cross-examination, ruling that the issue of Mrs. Boone's alleged racial bias was unduly prejudicial and irrelevant to the issue of guilt.

The bias of a witness is always relevant to the factfinder's assessment of credibility. See Davis v. Alaska, 415 U.S. 308, 316-17 (1974). A criminal defendant is entitled to cross-examine a witness to expose any facts which might lay a foundation for an inference that the witness' testimony is influenced by bias or prejudice. "Where [the] purpose [of cross-examination] is to expose bias . . . [the] examiner must be permitted to elicit any facts which might color a witness' testimony," and the trial court's usual discretion to control the scope of cross-examination is circumscribed. Eckert v. State, 96 Nev. 96, 101, 605 P.2d 617, 620 (1980). Preclusion of cross-examination on the question of bias infringes upon the accused's sixth amendment right of confrontation. Davis v. Alaska, supra.

Whether a witness harbors a bias against a class of which the defendant is a member, or against individuals solely because of that class membership, is a relevant question that must be subject to defense cross-examination in a criminal trial. The defendant is constitutionally entitled to confront a witness and conduct cross-examination sufficient to elicit any facts that might support an inference of bias against the class to which the defendant belongs or its members. See Chipman v. Mercer, 628 F.2d 528 (9th Cir. 1980) (bias against mentally retarded); Smith v. State, 404 So.2d 167 (Fla.Ct.App. 1981) (racial bias). Moreover, cross-examination sufficient to satisfy the right of confrontation on the question of class bias is generally not "unduly prejudicial." See, e.g., Smith v. State, supra. We therefore conclude that the district court's complete preclusion of any cross-examination of Mrs. Boone on the racial bias issue constituted a denial of Ransey's right of confrontation.[1]

[1] We emphasize that we hold only that an accused must be permitted sufficient cross-examination to lay before the judge any facts in support of an inference of racial bias. Once this is accomplished, the constitutional requirement of meaningful confrontation has been satisfied and the district court regains its discretion to limit or terminate cross-examination free from constitutional restraints. The district court may then exercise its

Upon a review of the record, however, we are of the view that the error is harmless in light of the other evidence of guilt. Notwithstanding the relatively minor conflicts in the testimony of some of the state's witnesses, the testimony of the primary victim, Mr. Boone, coupled with certain physical evidence and other testimony, constitutes virtually overwhelming evidence of guilt. Although the test for harmless error in this type of case is normally whether the jury had sufficient information from other evidence to infer the potential bias of the witness, *see* Crew v. State, 100 Nev. 38, 675 P.2d 986 (1984), in this case we elect to adopt the recognized alternative approach of looking to the quantum of other evidence in the case unaffected by the denial of confrontation. *See* United States ex rel. Scarpelli v. George, 687 F.2d 1012 (7th Cir. 1982) *cert. denied,* 103 S. Ct. 817 (1983). From our review of the evidence, we conclude beyond a reasonable doubt that the undue restriction of cross-examination could not have influenced the jury's determination of guilt. *Id.; see* Chapman v. California, 386 U.S. 18 (1967).

We have considered appellant's remaining assignments of error and have found them to be without merit. Accordingly, the judgment of conviction is affirmed.

discretion to prevent cross-examination that would confuse or mislead the jury or harrass the witness. We stress that the topic of racial bias is a sensitive one, calling for the exercise of due care on the part of counsel conducting cross-examination.