Marion Dale FLEWALLEN,
Petitioner-Appellant,

v.

Gordon FAULKNER,
Respondent-Appellee.

No. 81–2323.

United States Court of Appeals,
Seventh Circuit.

Submitted April 20, 1982.*

Decided May 10, 1982.

---

22. *Id.* at 1255–1257.

* This appeal was set for argument on April 20, 1982. Counsel for petitioner-appellant apparently was unable to appear and counsel for respondent-appellee, who was notified too late and did appear, orally waived argument. Consequently, this appeal is submitted for decision to the panel for April 20 on the briefs and the record. *See* Fed.R.App.P. 34(e).

Nile Stanton, Indianapolis, Ind., for petitioner-appellant.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before WOOD, ESCHBACH and POSNER, Circuit Judges.

PER CURIAM.

Petitioner-appellant, Marion Dale Flewallen, appeals from the denial of his petition for a writ of habeas corpus, which raised only one ground for relief: that at his trial Petitioner was denied the right "to be confronted with the witnesses against him . . ." guaranteed by the sixth amendment. Specifically, Flewallen challenges the admission into evidence, over his vigorous objections at trial, of six prosecution witnesses' out-of-court statements as part of the State's case-in-chief. We affirm.

After a jury trial, Flewallen was convicted of the second degree murder of eighteen-month-old Erica Grigsby, the daughter of his wife, Virginia, from a former marriage, and sentenced to life imprisonment. The evidence is adequately summarized in the opinion of the Indiana Supreme Court which, with one justice dissenting, affirmed Flewallen's conviction, rejecting, *inter alia*, the argument presented in the instant habeas proceedings. *See Flewallen v. State*, 267 Ind. 90, 368 N.E.2d 239, 240 (1977).

At Flewallen's trial, the prosecutor was permitted to admit into evidence, and to read from, transcripts of the six prosecution witnesses' out-of-court statements. The reason for the prosecutor's use of these out-of-court statements in lieu of the witnesses' direct testimony at trial is not apparent from the record. Before each transcript was admitted the declarant examined it and verified its accuracy. Flewallen does not contend either that the statements were not made or that the transcripts admitted at trial were inaccurate.

Although not all of these kinds of statements were admitted with respect to each of the six witnesses, three kinds of challenged statements were admitted into evidence: grand jury testimony; statements to police investigators given shortly after the crime; and a statement to the coroner. However, not all of these statements were read to the jury at trial. Except for the coroner's statement, only one of which was admitted, the challenged statements were in question and answer format. Flewallen was permitted to object at trial to particular questions and answers on evidentiary grounds. Thus, if the statements were read, the jury did not hear the objectionable portions. Also, the copies of the statements admitted into evidence were redacted, although the objectionable segments remain legible.

Both parties agree that Flewallen was not present when the out-of-court declarations were made and that, neither personally nor through counsel, did Flewallen have a contemporaneous opportunity to cross-examine the declarants. However, Flewallen fully cross-examined all six of the declarants at trial.

In *Mancusi v. Stubbs*, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972), the Court emphasized that reliability may be paramount when resolving Confrontation Clause problems. Reliability is not a significant problem in the instant case. First, the declarants were present at trial to verify both that they had made the statements and that the transcripts of the statements were accurate. Second, where more than one statement of a particular witness was admitted, the statements were substantially consistent with one another. The challenged statements of the six witnesses also are

substantially consistent with one another and are corroborated in some respects by non-challenged evidence adduced at trial. Third, the declarants' ability to observe the occurrences described in the challenged statements as well as the declarants' accuracy and honesty were fully tested by cross-examination at trial. Finally, in one sense, use of the challenged procedure may have benefited Flewallen. Normally, when a given question and its answer are objectionable the trial judge can only instruct the jury to disregard them. Here, because the questions and answers were subjected to a "pre-clearance" procedure, the jury never was exposed to objectionable ones.

■ Nevertheless, under the Due Process Clause of the fourteenth amendment, a state criminal defendant is entitled to confrontation of opposing witnesses as well as compulsory process for obtaining witnesses, as guaranteed by the sixth amendment. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (compulsory process); *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (confrontation); *See* Westen, *Confrontation and Compulsory Process: A Unified Theory of Evidence For Criminal Cases*, 91 Harv.L.Rev. 567 (1978) (exploring relationship between these two rights). Thus, subject to permissible restrictions which need not be mentioned here, all criminal defendants generally must be afforded an opportunity to cross-examine adverse witnesses fully and effectively. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *Pointer v. Texas, supra.* Here, transcripts of six prosecution witnesses' uncross-examined statements were virtually substituted for the witnesses' direct testimony. However, Flewallen does not cite even a single instance in which this unorthodox procedure hampered his ability to cross-examine the declarants. The record confirms that these witnesses were cross-examined fully and effectively. Thus, although we discourage use of the challenged procedure, it did not prejudice Flewallen's right to cross-examine adverse witnesses fully and effectively.

■ While primarily securing a criminal defendant's right to cross-examine adverse witnesses, the Confrontation Clause may prohibit the prosecution's use at trial of hearsay. *E.g., Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). The Supreme Court has not adopted any particular approach, among several proposals, for "reconciling the Confrontation Clause and the hearsay rules ...." *Ohio v. Roberts*, 448 U.S. 56, 66 n.9, 100 S.Ct. 2531, 2539 n.9, 65 L.Ed.2d 597 (1980). Rather, "[t]he Court has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial, and that 'a primary interest secured by [the provision] is the right of cross-examination.'" *Douglas v. Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965). In short, the Clause envisions

> 'a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' *Mattox v. United States*, 156 U.S. [237] at 242–43 [15 S.Ct. 337 at 339, 39 L.Ed. 409]."

*Ohio v. Roberts*, 448 U.S. at 63–64, 100 S.Ct. at 2537–2538 (footnotes omitted) (second brackets in original).

■ Accordingly, the Court has developed a two-step process to determine the admissibility of hearsay against a criminal defendant. "First, in conformity with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Ohio v. Roberts*, 448 U.S. at 65, 100 S.Ct. at 2538 (citations and a footnote omitted). However, a

demonstration of unavailability may not be required where the utility of trial confrontation is sufficiently remote. *E.g. Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) (*discussed in Ohio v. Roberts*, 448 U.S. at 65 n.7, 100 S.Ct. at 2538 n.7). Second, even when a witness is shown to be unavailable, "[r]eflecting its underlying purpose to augment accuracy in the factfinding process ... the Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.' *Snyder v. Massachusetts*, [291 U.S. 97, 107, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)]." *Ohio v. Roberts*, 448 U.S. at 65, 100 S.Ct. at 2538.

Applying this analysis in *Roberts*, the Court upheld the admission of a transcript of a prosecution witness' preliminary hearing testimony. It found that the testimony bore sufficient indicia of reliability where defense counsel's "questioning [at the preliminary hearing] clearly partook of cross-examination as a matter of *form* ... [and] comported with the principal *purpose* of cross-examination ...." 448 U.S. at 70–71, 100 S.Ct. at 2541 (emphasis in original). The witness was unavailable "despite good-faith efforts undertaken prior to trial to locate and present [her]." 448 U.S. at 74, 100 S.Ct. at 2543.

In *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), a sixteen-year-old was arrested for selling marijuana to an undercover policeman. He named Green as his supplier and so testified at Green's preliminary hearing, at which the witness was extensively cross-examined by defense counsel. However, at Green's trial, the boy was evasive and uncooperative as a prosecution witness, saying he was uncertain whether Green was his supplier. Consequently, the trial court, over Green's objection, permitted the prosecutor to read excerpts from the witness' preliminary hearing testimony both to refresh the witness' recollection and as substantive evidence. Defense counsel was permitted to cross-examine the witness at trial regarding the truth and veracity of his prior testimony, and regarding his present recollection.

399 U.S. at 151–52, 90 S.Ct. at 1931. Under these circumstances, the Supreme Court found no violation of the Confrontation Clause.

Here, the availability of the declarants, whose hearsay statements were admitted, for full and effective cross-examination at trial satisfies the concerns expressed in *Roberts, Green*, and related cases. If a constructively cross-examined, out-of-court statement is admissible under the sixth amendment, as in *Ohio v. Roberts*, then previously uncross-examined statements also must be admissible where, as here, the declarants are subjected to extensive and effective cross-examination at trial.

Although need for the use of the recalcitrant witness' prior testimony clearly was present in *Green*, in terms of accuracy and reliability the instant case is not materially different. Indeed, Flewallen's ability to cross-examine the declarants probably was greater than that of the defendant in *Green* because the witnesses in the instant case neither professed uncertainty nor expressed hostility. Thus, although necessity may have been absent, there was no error of constitutional magnitude in the instant case.

Finally, to the extent that the sixth amendment secures the right to have the trier of fact observe witnesses' demeanor, the opportunity for the jury in the instant case to do so during cross-examination was sufficient. Although a greater opportunity to observe demeanor may have been preferable, its absence does not render Flewallen's conviction constitutionally infirm.

In conclusion, although we do not condone or encourage use of the procedure challenged here, in the absence of any demonstrated or apparent prejudice to Flewallen occasioned by its use, we conclude that Flewallen's sixth amendment rights were not abridged. Thus, the judgment of the district court is AFFIRMED.