**Howard HOSSMAN, Petitioner,**

v.

**Jack R. DUCKWORTH; and Indiana Attorney General, Respondents.**

**No. S 87–115.**

United States District Court,
N.D. Indiana,
South Bend Division.

May 29, 1987.

Howard Hossman, pro se.

David A. Nowak, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

**MEMORANDUM AND ORDER**

ALLEN SHARP, Chief Judge.

The petitioner, Howard Hossman, appearing *pro se,* filed this petition for relief under 28 U.S.C. § 2254 on February 25, 1987. The return of the respondents filed April 17, 1987, reflects the necessary com-

pliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

The petitioner was convicted in the Wayne Circuit Court at Richmond, Indiana, of conspiracy to commit robbery and was sentenced by the Honorable James C. Puckett, Judge of that Court, on September 2, 1982, to a term of ten years. The unanimous opinion of the Supreme Court of Indiana authored by Justice Hunter and reported in *Hossman v. State*, 467 N.E.2d 416 (Ind.1984), provides the necessary procedural and factual setting of this case. The court takes the liberty to quote from it extensively:

> This case is before this Court upon the state's petition to transfer. The Court of Appeals, Fourth District, reversed defendant's conviction of conspiracy to commit robbery and remanded the case for a new trial. *Hossman v. State*, (1984) Ind.App., 460 N.E.2d 975. It concluded that the trial court erred in granting the state's motion *in limine* prohibiting the defendant from questioning state's witness, Linda Dils, about either her involvement in the alleged murder of her ex-husband, Edward Dils, or her alleged dependency on drugs which another state's witness, Gary Crumpton, allegedly supplied to Dils. We agree with the state that the trial court did not exceed its discretion in limiting the scope of defendant's cross-examination. The state's petition to transfer is granted and the decision and opinion of the Court of Appeals are hereby vacated.
>
> A review of the evidence before us shows that the defendant's conviction is based on the testimony of two witnesses, Gary Crumpton and his girlfriend, Linda Dils. While under arrest for an unrelated armed robbery charge, Crumpton revealed to police the alleged conspiracy between himself and defendant. A deal was struck between Crumpton and the state. In exchange for Crumpton's testimony against defendant and a guilty plea to two other unrelated armed robbery charges, the state agreed not to prosecute Crumpton for conspiracy, several unrelated burglaries, and a pending charge of dealing in controlled substances. Dil's testimony generally corroborated Crumpton's story and she further testified that she saw the defendant give a loaded gun to Crumpton.
>
> During the trial, the state sought a motion *in limine* to preclude defendant from mentioning or questioning Dils about either the alleged murder of her ex-husband or of a supplier-user relationship between Crumpton and Dils. Defendant in turn argued that such matters were relevant to show that Dils's real motive to lie was that she was afraid that if she did not corroborate Crumpton's testimony, he would expose her involvement in the alleged murder of her ex-husband. Defendant also argued that Dils would lie to get Crumpton back on the streets so that he could continue to supply her alleged drug dependency.
>
> It is well settled that the right of cross-examination protected by the Constitution is especially important to expose the possible biases, prejudice or ulterior motives of the witness as they may relate directly to issues or personalities in the instant case. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). This right is not unlimited, however. The trial court has broad discretion in determining how and why bias may be proven and what collateral evidence is material to that purpose. *Solomon v. State*, (1982) Ind., 439 N.E.2d 570; *Brandon v. State*, (1979) 272 Ind. 92, 396 N.E.2d 365. It is not reversible error to disallow cross-examination for bias and prejudice if the line of questioning would not give rise to a reasonable degree of probability of bias and prejudice. *Clark v. State*, (1976) 264 Ind. 524, 348 N.E.2d 27, *cert. denied*, 439 U.S. 1050, 99 S.Ct. 731, 58 L.E.2d 711 (1978).
>
> We disagree with the Court of Appeals' conclusion that the trial court exceeded its discretion in limiting the scope of defendant's cross-examination of Linda Dils. The Court of Appeals' opinion begins and ends its analysis with the conclusion that a reasonable degree of probability existed that Dils would falsify her testimony. From reading the opinion it

is impossible to discern why the Court of Appeals believes its conclusion is so clearly correct. We believe the trial court was well within its discretion in finding that there was no, or at best remote, nexus connecting the excluded evidence and the conclusion of bias. Significantly, there is no indication in the record that murder charges were pending or even contemplated against either Crumpton or Dils. Testimony from the coroner at the hearing on the state's motion *in limine* revealed that the cause of Edward Dils's death was a drug overdose and that it was probably self-induced. The deceased was known to have abused drugs. In the face of the evidence defendant maintained at the hearing that if he were permitted to call three witnesses to testify, they would relate to the court that Crumpton told them about him and Dils killing Edward Dils. Here, the trial court had discretion to weigh the possible prejudice which might ensue from opening up collateral matters in circumstances where there was arguably insufficient nexus to bias on Dils's part. Even if we assume Edward Dils was murdered and that Crumpton and Dils were involved, it seems unlikely that Dils would reasonably expect Crumpton to incriminate himself by implicating her. The trial court exercised reasonable discretion in confining defendant's cross-examination so as not to divert the trial to an extraneous issue.

We also believe the trial court had the discretion to exclude evidence of an alleged supplier-user drug relationship between Crumpton and Dils. The trial court could well have concluded that such evidence was potentially prejudicial and that the suggestion of bias was too remote. There seems to be no reasonable probability that Dils would falsify her testimony to get Crumpton back on the streets in order to maintain her drug supply. Dils was obviously aware that despite the state's decision to drop sever-al charges against Crumpton, he still faced two concurrent ten-year sentences for two unrelated armed robberies. Dils therefore could not have seriously entertained the notion that Crumpton would be free anytime soon to supply her alleged drug addition.

We conclude that defendant's suggestion of bias in the instant case is arguably too attenuated to be reasonably probable and that the trial court did not exceed its discretion in restricting defendant's cross-examination.

Here the petitioner raises the sole and single issue regarding the alleged violation of the confrontation clause of the Sixth Amendment to the Constitution of the United States.

This court must bear in mind in dealing with petitions under § 2254 that it does not sit as a direct appellate court to correct all suggested and perceived errors in a state court criminal proceeding. If this court were writing on a totally clean slate and were not inhibited by the federalistic constraints of § 2254, it might well choose to adopt the reasoning of Judge Young in the decision of the Court of Appeals of Indiana reported in *Hossman v. State*, 460 N.E.2d 975 (Ind.App.1984). However, the Supreme Court of Indiana *unanimously* rejected the reasoning of Judge Young which cites and relies largely on state authority but does certainly invoke the values involved in the Sixth Amendment right to cross-examine as defined in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Notwithstanding any personal preference that this court might have for the reasoning of Judge Young, this court is compelled to the same conclusion as that announced by the Supreme Court of Indiana, namely, that the state court trial judge did not transgress the boundaries of the Sixth Amendment confrontation clause as delineated in *Davis v. Alaska* and its progeny in this circuit.[1] Those of us who have had the privilege to be involved in

---

1. See *United States ex rel. Nance v. Fairman*, 707 F.2d 936, 941 n. 6 (7th Cir.1983); *United States ex rel. Blackwell v. Franzen*, 688 F.2d 496, 500 (7th Cir.1982); *United States ex rel. Scarpelli v.*

*George*, 687 F.2d 1012, 1014 (7th Cir.1982); and *Flewallen v. Faulkner*, 677 F.2d 610, 612 (7th Cir.1982).

many trials should restrain ourselves from imposing our value judgments on state criminal court proceedings except where the Constitution clearly mandates the same. In this case, while honorable and experienced judges might disagree, the mandates of the Constitution do not compel the granting of this writ.

Therefore, the petition for a writ is DENIED.