**Tony Hanif LEE, Plaintiff,**

v.

**Darrell KOLB, Defendant.**

**No. 88–C–504.**

United States District Court,
E.D. Wisconsin.

Feb. 20, 1989.

Tony Hanif Lee, Waupun, Wis., pro se.

Donald J. Hanaway, Atty. Gen. of Wis. by Sharon Ruhly, Asst. Atty. Gen., Madison, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On January 17, 1989, I granted Mr. Tony Hanif Lee's petition for a writ of habeas corpus on the ground that his conviction for first degree murder, party to a crime, was obtained in violation of his sixth amendment right to confrontation of witnesses against him, 707 F.Supp. 394. The issuance of the writ was stayed for a period of seventy days so as to enable the state to commence a retrial; if a retrial is commenced, the issuance of the writ shall be permanently stayed. Entry of judgment has been delayed until completion of the seventy day period.

The respondent has filed a motion to reconsider and to alter the judgment pursuant to Rules 52(b) and 59(e), Federal Rules of Civil Procedure. Although no judgment has been entered in this action, the court has nevertheless considered the motion under the court's inherent power to reconsider and alter a nonfinal decision and order.

*Cf. G. Heileman Brewing Co. v. Joseph Oat Corp.,* 848 F.2d 1415, 1419 (7th Cir. 1988); *Danenberger v. Johnson,* 821 F.2d 361, 363 (7th Cir.1987). However, for the reasons stated herein, the motion will be denied. The background facts are fully set forth in this court's decision and order dated January 17, 1989, and therefore will not be repeated.

The respondent asserts two grounds for reconsideration: first, that this court erred in failing to afford a presumption of correctness under 28 U.S.C. § 2254(d) to the state appellate court's "factual finding" that the jury did not misuse the hearsay aspects of the out of court accusation; and second, that the circumstantial evidence contained in trial court transcripts not before this court are sufficiently overwhelming so as to render the violation of Mr. Lee's sixth amendment rights harmless error.

■ The factual findings of the state trial court, as well as, those of the state appellate court are subject to a presumption of correctness under 28 U.S.C. § 2254(d). *Sumner v. Mata,* 449 U.S. 539, 546, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). Subsequently, in *Sumner II,* 455 U.S. 591, 597–98, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982), the Supreme Court held that in the context of § 2254(d), mixed questions of fact and law are subject to a de novo review. The issue of whether a petitioner's sixth amendment confrontation right has been violated is a mixed question of fact and law and is, therefore, subject to independent federal review. *Burns v. Clusen,* 798 F.2d 931, 941 (7th Cir.1986); *Haggins v. Warden,* 715 F.2d 1050, 1055 (6th Cir.1983); *United States ex rel. Scarpelli v. George,* 687 F.2d 1012, 1015 (7th Cir. 1982).

■ The respondent nevertheless argues that the state appellate court made a factual finding that the curative instruction given by the state trial court prevented misuse of the out of court accusation and that this finding requires due deference by this court. This assertion is without merit. Whether a limiting instruction is sufficient

to prevent a violation of the confrontation clause is a constitutional determination, *Bruton v. United States*, 391 U.S. 123, 129–36, 88 S.Ct. 1620, 1624–28, 20 L.Ed.2d 476 (1968); *United States v. Keplinger*, 776 F.2d 678, 695 (7th Cir.1985), and as such it is not subject to a presumption of correctness. *Burns, supra*, 798 F.2d at 941.

Counsel for the respondent acknowledge that it was the state's obligation to place all relevant portions of the transcript before the court. The prosecution's belated (and feeble) contention is that other sections of the transcript were not submitted because the court requested specific portions. The state now contends that the full transcript, which it failed to file, is crucial to a proper resolution of this habeas corpus petition.

 The entire transcript is now before the court. In weighing the respondent's motion for reconsideration, I have examined its claims regarding the full record and find them unpersuasive.

The respondent argues that trial transcripts which were not previously before this court contained sufficient circumstantial evidence to establish that any violation of Mr. Lee's constitutional rights was nothing more than harmless error. In this regard, the respondent cites: a) the testimony of the victim's girlfriend and a police officer establishing that the gun found in Mr. Lee's apartment belonged to the victim, b) the testimony of the police regarding the footprints in the snow leading back and forth between Mr. Lee's house and the victim's body, c) the testimony of the police that Mr. Lee continuously changed his explanations at the scene, and finally d) the ballistics evidence that the fatal shots were likely shot from a .38 caliber derringer, a fact known by Mr. Lee before the police. The evidence now cited by the respondent is duplicative of Mr. Lee's admissions and for the most part was considered by this court in rendering the January 17, 1989, decision and order.

The wrongfully admitted hearsay accusation directly put the finger of guilt on Mr. Lee. Such devastating evidence cannot be said to be "merely cumulative" of the other evidence cited by the respondent. *Parker v. Randolph*, 442 U.S. 62, 71 n. 5, 99 S.Ct. 2132, 2138 n. 5, 60 L.Ed.2d 713 (1979). In my opinion, all of the other evidence relied upon by the prosecution is not so overwhelming so as to render the constitutional wrong to Mr. Lee harmless error beyond a reasonable doubt. *Id.; Gaines v. Thieret*, 846 F.2d 402, 404 (7th Cir.1988).

Therefore, IT IS ORDERED that the respondent's motion for reconsideration be and hereby is denied.