**Tony Hanif LEE, Plaintiff,**

v.

**Darrell KOLB, Defendant.**

**No. 88–C–504.**

United States District Court,
E.D. Wisconsin.

June 5, 1990.

Kenneth N. Flaxman, Chicago, Ill., for plaintiff.

Donald J. Hanaway, Atty. Gen., of Wisconsin by Sharon Ruhly, Asst. Atty. Gen., Madison, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner, Tony Hanif Lee, currently incarcerated at Waupun Correctional Institution, filed a petition for a writ of habeas corpus on May 12, 1988. Mr. Lee asserted two grounds for relief: first, that his rights under the confrontation clause of the sixth amendment were violated by the admission of incriminating out of court statements offered for the nonhearsay purpose of showing the effect that the statements had on him; and second, that his right to due process was violated by the exclusion of his only corroborating witness. On January 17, 1989, I granted Mr. Lee's petition solely on the ground that his rights

under the confrontation clause had been violated. The court of appeals for the seventh circuit reversed that decision finding that there had been no violation of the confrontation clause. The case was then remanded for a decision on Mr. Lee's due process claim. For the reasons stated below, I find no due process violation, and the petition will be denied.

■ Generally, in considering a petition for a writ of habeas corpus, a federal court must accord a presumption of correctness to a state court's findings of fact. 28 U.S.C. § 2254(d). However, this statutory presumption does not apply to questions of law or mixed questions of law and fact. *Sumner v. Mata*, 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1981); *Cuyler v. Sullivan*, 446 U.S. 335, 342, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1979). Therefore, I am free to apply a *de novo* standard of review to the issue of whether the exculpatory significance of the excluded testimony was sufficient to offend the constitutional protection of due process.

The background facts concerning the murder of Booker Troy Sparks are fully set forth in my earlier decision, *Lee v. Kolb*, 707 F.Supp. 399 (E.D.Wis.1989), and also in the decision of the court of appeals, *Lee v. McCaughtry*, 892 F.2d 1318 (7th Cir.1990). Only those facts relevant to the due process issue at bar will be detailed here.

Mr. Lee's theory of defense was that he was an innocent witness to a murder committed by his brother-in-law, Donald Williams. According to Mr. Lee's version, Mr. Williams had told him by telephone that he had access to a car and was coming to Mr. Lee's house to pick him up so that the two of them could go to visit Mr. Williams' girlfriend. A short time later, Mr. Lee looked out of his back window and saw Mr. Williams standing near a car in the alley. Mr. Lee went out into his back yard and, as he approached, he observed that Mr. Williams was engaged in an argument with Mr. Sparks. Mr. Lee maintains that Mr. Williams was in the process of selling marijuana to Mr. Sparks. He then saw Mr. Williams pull out a gun and fire a

total of four shots into Mr. Sparks. Mr. Williams then told Mr. Lee to get into the victim's car. Mr. Lee refused. Mr. Williams then handed Mr. Lee a gun together with some spent cartridges and told him to hide them. Mr. Williams then left in the victim's car. Mr. Lee then returned to his house with the victim's gun and the spent cartridges and was arrested a short time later.

At his trial, Mr. Lee sought to present the testimony of his brother, Greg Lee. The petitioner's counsel made the following offer of proof in support of his effort to present his brother's testimony:

> He will say several weeks ago he had a conversation with Donald Williams, Donald Williams admitted he was the one that shot the deceased; and that the deceased had been engaged in a marijuana transaction; that an argument ensued over a previous drug transaction; that Donald Williams shot and killed the man; that Tony Lee was not involved in the shooting nor involved in the drug transaction.

Trial transcript, January 30, 1986 at 223.

The trial court applied the state rules of evidence and excluded the testimony on the grounds that the testimony was uncorroborated and that the witness lacked credibility because he was the defendant's brother. *See* Wis.Stat. § 908.045. The state court of appeals affirmed and relying on *State v. Brown*, 96 Wis.2d 238, 245, 291 N.W.2d 528 (1980), held that the exculpatory hearsay lacked the necessary indicia of reliability because it was uncorroborated. The court of appeals relied on the fact that the statement was made about a year after the crime and the declarant, Donald Williams, was unavailable for cross examination by the state.

The essence of a defendant's right to due process in a criminal case is based on a defendant's right to a "fair opportunity to defend against the state's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973). In this context "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense."

*Id.* at 302, 93 S.Ct. at 1049. In *Chambers* the Supreme Court noted that the hearsay rule is predicated on the notion that unreliable evidence should not be presented to the triers of fact. However, when the defendant can show that exculpatory hearsay statements are critical to his ability to mount a defense and those statements are supported by significant indicia of reliability, then exclusion of those statements by the mechanical application of the hearsay rule violates the due process clause. *Id.* at 300, 93 S.Ct. at 1048. The reviewing court is to engage in a balancing test, weighing the state's interest in complying with established rules of procedure against the defendant's need for the hearsay statement as offset by the statement's degree of trustworthiness. *Sharlow v. Israel*, 767 F.2d 373, 377 (7th Cir.1985).

In *Chambers* the Court identified various circumstances that combined to support the reliability of the excluded hearsay: 1) the statements were spontaneously made shortly after the crime; 2) the statements were made to a close acquaintance; 3) the statements were corroborated by other evidence; 4) the statements were against penal interest; and 5) the declarant was available for cross-examination by the state. These circumstances are not an exhaustive list of valid indicia of reliability. *Sharlow v. Israel*, 767 F.2d 373, 377, 379 n. 6 (7th Cir.1985). Rather, the totality of the circumstances under which the out-of-court statement was made must be taken into account in order to determine its reliability.

If the trial court had relied entirely on the lack of credibility of the in-court witness as a basis for exclusion of the testimony, it would have constituted a constitutional error. However, any such error is harmless because the exculpatory hearsay was also excluded as untrustworthy. In this regard the Wisconsin Supreme Court has noted:

> The proper analysis under *Chambers* looks only to the trustworthiness of the out-of-court statement of the hearsay declarant. The testimony of the in-court witness who repeats the out-of-court declaration possesses the conventional indi-

cia of reliability: The testimony is given under oath, impressing the speaker with the solemnity of his statements; the witness's word is subject to cross-examination; and his presence permits his demeanor and credibility to be assessed by the jury. Exclusion of the witness's testimony (and the hearsay statement) because of the trial court's doubts as to the witness's credibility constitutes a judicial assumption of the jury's function.

*Brown, supra,* 96 Wis.2d at 247, 291 N.W.2d 528.

At trial, Mr. Lee presented a total of six witnesses including himself. Three of the witnesses, two police officers, and a state forensic chemist established the chain of custody for hand swabs that showed that he had not fired a gun the night of his arrest. One witness, a police officer testified that the declarant had consumed alcohol the night of the murder. A final witness, a crime lab technician, testified regarding the nature of footprints in snow.

■ Under the facts of this case, clearly the hearsay was critical to the defense; it was the only exculpating witness that the petition proposed beyond his own testimony. The two factors which under the totality of the circumstances have combined to make the exculpating hearsay unreliable are the fact that the declarant was unavailable for cross-examination and the fact that the statement was made more than a year after the murder. I believe that the hearsay testimony is unreliable even though corroborated by the petitioner's own testimony and even though it was undisputed that the declarant was at the crime scene and sold distinctively packaged marijuana to the victim. Absent some other indicator that would establish a basis upon which to characterize the hearsay as reliable, the balance must tip in favor of the state's right to apply its own rules of evidence. Under the balancing test described in *Chambers* and *Sharlow,* I conclude that Mr. Lee's right to due process was not violated by the exclusion of his brother's testimony.

Therefore, IT IS ORDERED that Mr. Lee's petition for a writ of habeas corpus be and hereby is denied.